UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| PUPARAZZI INDUSTRIES OF AMERICA, LLC, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>PUPARAZZI PET SPA, LLC, )<br>)<br>Defendant. )<br>_____ ) | 2:12-cv-00084 JWS<br><br>ORDER AND OPINION<br><br>[Re: Motion at Docket 16] |

## I.  MOTION PRESENTED

At docket 16, defendant Puparazzi Pet Spa, LLC ("defendant" or "PPS") moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint for failure to state a claim.  Plaintiff Puparazzi Industries of America, LLC ("plaintiff" or "PIA") opposes the motion at docket 18.  Defendant's reply is at docket 20.  Oral argument was requested but would not assist the court.

## II.  BACKGROUND[1]

PIA provides pet grooming services via a mobile pet grooming van in the Phoenix metropolitan area.  PPS is a pet grooming salon in Phoenix.  The word "Puparazzi" is used in both companies' names.

The marks PUPARAZZI MOBILE PET SPAW and WHERE YOUR PET'S THE STAR are affixed to PIA's van.  PIA alleges that it has used the PUPARAZZI mark since May 10, 2010.  PIA applied for federal trademark registration on November 21, 2011; its application is pending.  PIA is attempting to register PUPARAZZI MOBILE PET SPAW for animal grooming services.

PIA maintains that PPS uses the marks PUPARAZZI PET SPA and EVERY DOG IS A STAR! in its pet grooming service.  PIA maintains that PPS did not offer pet grooming services until September 2011.

PIA filed this lawsuit in federal court on January 13, 2012.  PIA has asserted a claim for trademark infringement, in violation of § 43(a) of the Lanham Act and one common law claim for unfair competition.

## III.  STANDARD OF REVIEW

A motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), tests the legal sufficiency of a plaintiff's claims.  In reviewing such a motion, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[2]  Dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[3]  "Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss."[4]

---

[1] All background information is taken from the Complaint at docket 1.

[2] *Vignolo v. Miller,* 120 F.3d 1075, 1077 (9th Cir. 1997).

[3] *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

[4] *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

To avoid dismissal, a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face."[5] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[6] "The plausibility standard is not akin to a 'probability requirement' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[7] "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[8] "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."[9]

## IV.  DISCUSSION

**A. The Court Will Not Consider Items Outside the Complaint**

Defendant's first argument is that eleven other dog or animal-related services throughout the country use the term "puparazzi."  Defendant argues that such use of the term indicates that PIA's attempt to register the mark will fail.  Federal Rule 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."[10]  The court declines to treat the present motion as a motion for summary judgment and therefore will not consider matters outside plaintiff's complaint, including evidence that eleven other business use the term "puparazzi."

---

[5] *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

[6] *Id.*

[7] *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

[8] *Id.* (quoting *Twombly*, 550 U.S. at 557).

[9] *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

[10] Fed. R. Civ. P. 12(d).

### B. Whether Plaintiff Has Alleged that "Puparazzi" Is Protectable

"To claim trademark infringement, a plaintiff must have a valid, protectable trademark."[11]  "The plaintiff bears the ultimate burden of proof in a trademark-infringement action that the trademark is valid and protectable."[12]  Defendant argues that the term "puparazzi" merely describes dog-related services and has no secondary meaning, and therefore plaintiff's mark is unprotectable.[13]

"[F]ederal registration provides prima facie evidence of [a] mark's validity and entitles the plaintiff to a strong presumption that the mark is a protectable mark."[14]  Plaintiff alleges that it has applied to register PUPARAZZI MOBILE PET SPAW, but without action from the United States Patent and Trademark Office ("USPTO"), plaintiff is not entitled to that presumption.  The question, therefore, is whether plaintiff has pled facts plausibly suggesting that PUPARAZZI MOBILE PET SPAW is protectable.

Plaintiff cites district court authority for the proposition that it need only plead facts establishing the date of its first use of the mark, that it is the senior user of the mark in the Phoenix area, and that defendant's use is likely to confuse the public. Although ownership of the mark may be established by proof that "the party claiming ownership must have been the first to actually use the mark in the sale of goods or services,"[15] such a showing does not establish protectability.  Because the only facts in plaintiff's complaint that could be construed to support its mark's validity are those

---

[11] *Zobmondo Entertainment, LLC v. Falls Media, LLC*, 602 F.3d 1108, 1113 (9th Cir. 2010) (internal quotations omitted).

[12] *Id.*

[13] *See id.* ("Merely descriptive marks are . . . not inherently distinctive and are therefore not entitled to automatic trademark protection" but can become protectable if they have acquired secondary meaning).

[14] *Id.*

[15] *Sengoku Works Ltd. v. RMC Int'l, Ltd.*, 96 F.3d 1217, 1219 (9th Cir. 1996).

concerning its application for registration with the USPTO, plaintiff's complaint falls short of the federal pleading standard.

The parties devote considerable briefing to whether PUPARAZZI MOBILE PET SPAW is descriptive, suggestive, arbitrary, or fanciful.[16] Because the category to which a mark belongs is a factual issue, it is not properly resolved on a 12(b)(6) motion, which by nature focuses on the allegations in the complaint.

**C. Unfair Competition Claim**

Defendant argues that plaintiff's unfair competition claim fails for the same reason its federal claim fails. In Arizona, the common law doctrine of unfair competition "encompasses several tort theories, such as trademark infringement, false advertising, palming off, and misappropriation."[17] Plaintiff's complaint states only that "PIA and PPS are competitors," that "PPS is unfairly competing with PIA" by using the PUPARAZZI PET SPA and EVERY DOG IS A STAR! marks, and that "PPS' actions . . . constitute unfair competition."[18] Plaintiff's allegations are conclusory and therefore do not comport with the federal pleading standard.[19] Plaintiff's allegations do not include facts plausibly suggestive of either a common law claim or a claim under Arizona's statutory scheme.[20]

**D.  Leave to Amend**

"[I]n dismissing for failure to state a claim under Rule 12(b)(6), a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of

---

[16] *See Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992).

[17] *Fairway Constructors, Inc. v. Ahern*, 970 P.2d 954, 956 (Ariz. Ct. App. 1998).

[18] Doc. 1 at 4.

[19] *See, e.g.*, *Lee*, 250 F.3d at 679.

[20] *See* A.R.S. § 44-1451 (providing remedies for infringement of registered marks).

other facts."[21]  Plaintiff has requested leave to amend and the defects in the complaint could be cured by allegation of additional facts.

### V.  CONCLUSION

For the reasons above, defendant's motion at docket 16 to dismiss the complaint pursuant to Federal Rule 12(b)(6) is **GRANTED** without prejudice to an amended complaint.  Plaintiff's amended complaint shall be filed within 14 days from the date of this order.

DATED this 23rd day of May 2012.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[21] *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).